UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JAMES MURPHY, on behalf of himself and all others  :
similarly situated,                                :
: 18-CV-6702 (JMF)
                             Plaintiff, :
: ORDER OF DISMISSAL
    -v-                                           :
:
SYNERGY USA INC. d/b/a SYNERGY FITNESS              :
CLUBS,                                              :
:
                           Defendant.   :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On October 4, 2018, Plaintiff James Murphy advised the Court that Defendant Synergy USA Inc. d/b/a Synergy Fitness Clubs was not the proper party to this action. (Docket No. 14). Plaintiff was given eight days — until October 12, 2018 — to amend its complaint to substitute the proper party defendant, (Docket No. 15), but failed to file such amendment. On October 29, 2018, Plaintiff was ordered to show good cause in writing, by November 12, 2018, for why it failed to amend its complaint after specifically requesting leave to do so. (Docket No. 16). Plaintiff failed to comply with the Order and has yet to file any response.

       The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice *sua sponte* because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions

at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Id.* at 251. In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In this case, no later than October 4, 2018, Plaintiff was put on notice — and in fact, provided such notice to the Court — that it had named an improper defendant to this action. (Docket No. 15). Further, seventeen days after missing the Court-ordered deadline to amend the complaint to cure the problem, Plaintiff was expressly advised that failure to either show good cause for failing to amend the complaint or to otherwise indicate an intention to proceed with the lawsuit might "result in dismissal of the case for abandonment or failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure." (Docket No. 16).

In light of Plaintiff's apparent unwillingness to comply with the Court's order, dismissal of the case is warranted. However, given that the Court has limited prejudice to the named defendant by vacating the order to show cause and that the proper defendant has already been identified, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice. *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute. Any pending motions are moot. All conferences are vacated. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: November 14, 2018
      New York, New York

                                          JESSE M. FURMAN
                                   United States District Judge